Martin F. Casey, Esq.
**CASEY & BARNETT, LLC**
305 Broadway, Suite 1202
New York, New York 10007
(212) 286-0225
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o BALSAM BRANDS,
INC.,

                                                                                     21 Civ.

       Plaintiff,

  - against -                                          **COMPLAINT**

FLEXPORT INTERNATIONAL LLC.,

       Defendant.
------------------------------------------------------------X

       Plaintiff, Indemnity Insurance Company of North America a/s/o Balsam Brands, Inc., by and through their attorneys, Casey & Barnett LLC, as and for its Complaint, allege upon information and belief as follows:

## JURISDICTION

       1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

## PARTIES

       2.      At all material times, Indemnity Insurance Company of North America (hereinafter "IINA" or "Plaintiff") was and is an entity organized and existing by virtue of the laws of a foreign state with an office and place of business located at 1133 Sixth Avenue, New York, New York 10036 and is the subrogated underwriter of a consignment of 200 Cartons Artificial Christmas Decorations, as more specifically described below.

3.      At all material times, Balsam Brands Inc., (hereinafter "Balsam Brands" or "Plaintiff") was and is a domestic corporation with its principal place of business located 700 Jefferson Avenue, Redwood City, CA 94063 and is the owner and/or consignee of a consignment of 200 Cartons Artificial Christmas Decorations, as more specially described below.

4.      At all material times, defendant, FLEXPORT INTERNATIONAL LLC., (hereinafter "Defendant" or "Flexport") was and is a corporation with its principal place of business located at 600 Peachtree Street NE, 25th Floor, Atlanta, GA 30308 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a non-vessel operating common carrier of goods by water.

5.      Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

## RELEVANT FACTS

6.      On or about October 21, 2020, a consignment consisting of 200 Cartons Artificial Christmas Decorations, then being in good order and condition, was delivered to Defendant Flexport and/or its agents in Yantian, China, for transportation to Long Beach, California, in consideration of an agreed upon freight thereupon paid or agreed to be paid, pursuant to Defendant's bill of lading number FLXT-00000905528A dated October 21, 2020.

7.      On or about October 21, 2020, the aforementioned cargo, laden in Container TCKU 4580145 was loaded aboard the M/V ONE AQUILA and the vessel departed Yantian, China.

8.      On or about October 30, 2020, while the vessel was enroute to the United States and in the Pacific Ocean, the M/V ONE AQUILA lost a series of containers overboard while experiencing rough seas.

9. Container TCKU 4580145 was lost overboard during the foregoing event.

10. As a result of the foregoing, Balsam Brands suffered a loss of its cargo valued at $33,084.13 that was laden in container TCKU 4580145.

11. The loss of the cargo overboard was not the result of any act or omission of Plaintiff or their assured but, to the contrary, was due solely as the result of the negligence, fault, neglect, and breach of contract of carriage on the part of the Defendant and/or its agents.

12. At all times relevant hereto, a contract of insurance for property damage was in effect between IINA and Balsam Brands, which provided coverage for, among other things, loss or damage to the consignment.

13. Pursuant to the aforementioned contract of insurance between Balsam Brands and IINA, monies were expended on behalf of Balsam Brands to the detriment of IINA due to the damages sustained to the subject shipment during carriage.

14. As IINA has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the Defendant, IINA has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the Defendant.

15. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $33,084.13.

**AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT**

16. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 15, inclusive, as if herein set forth at length.

17. Pursuant to the contract entered into between the parties, Defendant owed a contractual and statutory duty to the Plaintiff, to carry, bail, keep and care for, protect and deliver Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

18. The Defendant breached its contractual and statutory duties by failing to properly care for, bail and protect the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

19. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages in the amount presently estimated to be no less than $33,084.13.

20. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $33,084.13.

**AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT**

21. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 15, inclusive, as if herein set forth at length.

22. Pursuant to its obligations as a bailee for hire of the Plaintiff's cargo, the Defendant owed contractual and statutory duties to Plaintiff to carry, bail, keep and care for, protect and deliver Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

23. The Defendant breached its duties as a bailee for hire by failing to properly carry, bail, keep and care for, protect and deliver Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

24. As a direct and proximate result of the breach of bailment by the Defendant, Plaintiff has suffered damages in the approximate amount of $33,084.13.

25. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $33,084.13.

### AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

26. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 15, inclusive, as if herein set forth at length.

27. The Defendant owed a duty to Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

28. The Defendant breached and was negligent in its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

29. As a direct and proximate result of the negligence by the Defendant, Plaintiff has suffered damages in the approximate amount of $33,084.13.

30. By reason of the foregoing, Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $33,084.13.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $33,084.13, together with interest, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
October 27, 2021
115-1657

                                  **CASEY & BARNETT, LLC**
                                  *Attorneys for Plaintiff*

By: *Martin Casey*
                                  Martin F. Casey
                                  305 Broadway, Ste 1202
                                  New York, New York 10007
                                  (212) 286-0225